IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERBERT ROCCO,

    Plaintiff,

v.                                      Civil Action Number:

GORDON FOOD SERVICE AND
REED GROUP,

    Defendants.

## **COMPLAINT**

AND NOW, comes the plaintiff, Herbert Rocco, by and through his attorney, Gregory G. Paul, Esquire, and files the following complaint against Defendants, Gordon Food Service and Reed Group, and states as follows:

### **Nature of the Action**

1.    This is an action under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§12101, et. seq., and the Pennsylvania Human Relations Act, as amended ("PHRA"), PA. STAT. ANN. Title 43 §§951 et. seq., seeking declaratory, injunctive and compensatory relief from defendants, Gordon Food Service and Reed Group, for denial of employment, failure to accommodate on the basis of actual, regarded as or record of disability, and violations of medical inquiry.

### **Jurisdiction and Venue**

2.    This action is authorized and instituted pursuant to the ADA, 42 U.S.C. § 12101, et seq. Plaintiff has exhausted the administrative remedies under the ADA and PHRA as evidenced by the Equal Employment Opportunity Commission's Dismissal and Notice of Right to Sue issued on February 16, 2011.

1

3. Gordon Food Service has its corporate headquarters at 4980 Gateway Boulevard, Springfield, OH 45502 and performs substantial business within the Pittsburgh area. Therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and venue is appropriate.

## Parties

4. Plaintiff, Herbert Rocco, Jr., is an adult individual, residing in Bethel Park, PA 15102. At all relevant times, Mr. Rocco was a qualified individual with a disability, or perceived as such, who possessed the qualifications to perform the essential functions of his job and other positions, with or without an accommodation.

5. Gordon Food Service is a Pennsylvania corporation with the purpose of operating food services. Its corporate headquarters is located at 4980 Gateway Boulevard, Springfield, OH 45502. Gordon Food Service's business units include where plaintiff worked geographically.

6. The defendant, Reed Group, is the administrator of the leave of absence and disability benefit program for Gordon Food Services. Reed Group's corporate headquarters is located at 15 Tech Valley Drive, Suite 3, Floor 2, East Greenbush, NY 12061.

## Allegations of Unlawful Discrimination

7. Herbert Rocco, was employed by Gordon Food Service for approximately 10 years primarily as a delivery driver and loader.

8. Mr. Rocco sustained an injury which substantially limited him in one or more major life activities on or about May 12, 2009 for greater than six months.

9. Mr. Rocco underwent medical treatment of his right knee (ACL) and completed a course of rehabilitation.

10. Mr. Rocco was provided short-term disability benefits through his employer but did not receive paperwork for Family and Medical Leave Act until November of 2009.

11. In November of 2009, Mr. Rocco was scheduled for a fitness for duty examination which he was able to complete all aspects. However, he did not receive a copy of this fitness for duty examination.

12. Mr. Rocco was informed by Human Resources that his employment would be held open for at least one year consistent with long-term disability benefits.

13. However, Mr. Rocco was terminated on or about January 21, 2010. Mr. Rocco was refused employment despite the availability of open positions based upon his employer's refusal to accommodate him in either his former position as a delivery person, or through reassignment to other available positions, or by extending a reasonable leave of absence to permit him to return to work.

14. Unknown to Mr. Rocco, the Reed Group, the administrator of the disability benefit program for his employer, contacted UPMC Shadyside to request medical information. Mr. Rocco learned that Reed Group and UPMC Shadyside discussed his medical condition without his knowledge, consent or awareness that he had been released to return to work.

## COUNT I – ADA AND PHRA: TERMINATION/FAILURE TO ACCOMODATE

15. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

16. Plaintiff is a qualified individual with a disability who was limited in one or more major life activities.

17. Plaintiff himself and through his physicians requested a medical leave of absence acknowledged by defendants in human resources.

18. Defendants discriminated against Mr. Rocco in failing to accommodate him and terminating him based upon his disabilities by failing to return him to work in his former occupation with or without accommodations including modified duty, reassignment to alternate positions or by refusing to provide a medical leave of absence.

19. As a direct result of defendant's violations of the ADA and PHRA, plaintiffs seek lost wages, compensatory, injunctive and declaratory relief including reinstatement.

20. With respect to plaintiff's claims under the ADA, plaintiff seeks the above damages as well as claims that defendant's conduct is willful or in reckless indifference to federally protected rights making available punitive damages.

### COUNT II – ADA AND PHRA: UNAUTHORIZED MEDICAL INQUIRY

21. Plaintiff incorporates herein by reference the previous allegations of this Complaint.

22. Defendants acting in their capacity as an employer or authorized agent contacted UPMC for the purpose of requesting medical records and/or to discuss confidential medical information related to an employment decision.

23. Defendants acting in this capacity did not have legal permission to contact UPMC to either request medical information or to discuss job-related medical inquiries related to plaintiff's ability to work in violation of the ADA.

24. Plaintiff seeks all available damages as a result of defendants' violation of 42 U.S.C. sections 12112(d) et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Rocco demands (1) judgment against defendants in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the ADA and the PHRA, including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under these statutes; (2) that this Court enjoin defendants from further discriminatory practices; (3) that this Court order defendants to reinstate Mr. Rocco with all seniority and benefits; (4) that this Court order Defendant to pay all attorney's fees, expert fees and other costs of litigation incurred in this action; (5) that this Court award prejudgment interest; and (6) that this Court grant all other relief entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

MORGAN & PAUL, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL, ESQUIRE
Attorney for Plaintiff
PA ID No.: 83334
409 Broad Street
Suite 270
Sewickley, PA  15143
412-259-8375
888-822-9421 (fax)
gregpaul@morgan-paul.com