UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERB ROCCO, | C.A. No.: 2:11-CV-585 |
| Plaintiff, | The Honorable Joy Flowers Conti |
| v. | Electronic Filing |
| GORDON FOOD SERVICE and REED GROUP, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT GORDON FOOD SERVICE

Now comes Defendant Gordon Food Service (hereinafter "GFS") and for its Answer to Plaintiff's Complaint replies as follows:

### FIRST DEFENSE

1. GFS states that paragraph 1 of Plaintiff's Complaint does not contain allegations which require a response. GFS denies any and all allegations contained in paragraph 1 of Plaintiff's Complaint, to the extent any exist.

2. GFS admits that this court has jurisdiction because the Plaintiff asserts violations of Federal statutes. GFS admits that this court has jurisdiction over the state law claim in that it arises out of a common nucleus of operative fact.

3. GFS denies that its headquarters are located in Springfield Ohio. Answering further GFS states that its headquarters is located in Grand Rapids, Michigan, with a mailing address of P.O. Box 1787, 333 50th St. SW, Grand Rapids, MI 49501. GFS admits that venue is appropriate.

4. GFS denies the allegations contained in paragraph 4 of Plaintiff's complaint. Answering further, GFS denials all other allegations contained in paragraph 4 of Plaintiff's complaint.

5. GFS denies the allegations contained in paragraph 5 of Plaintiff's complaint. Gordon Food Service's Corporate headquarters is located at 333 50th St SW Grand Rapids, Michigan 49548. GFS admits that Plaintiff worked primarily in the Pittsburgh market during his employment with GFS. GFS denials all other allegations contained in paragraph 5 of Plaintiff's complaint, not specifically admitted to be true.

6. GFS admits that the Reed Group is the administrator of the leave of absence and disability benefit program for Gordon Food Service. GFS is without knowledge or information sufficient to form a belief as to the truth of the additional allegations contained in paragraph 6 of Plaintiff's complaint and therefore, denies same.

7. Answering paragraph 7 of Plaintiff's complaint, GFS admits that Plaintiff was employed as a Sales Service Representative by GFS for approximately 10 years.

8. GFS denies the allegations contained in paragraph 8 of Plaintiff's complaint.

9. GFS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore, denies same.

10. GFS admits that Plaintiff was granted short term disability benefits. GFS denies all other allegations contained in paragraph 10 of Plaintiff's Complaint.

11. GFS denies the allegations contained in paragraph 11 of Plaintiff's complaint.

12. GFS denies the allegations contained in paragraph 12 of Plaintiff's complaint.

13. GFS denies the allegations contained in paragraph 13 of Plaintiff's complaint.

14. GFS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore, denies same.

15. GFS restates and reincorporates the affirmations and denials set forth in paragraphs 1-14 as if fully restated herein.

16. GFS denies the allegations contained in paragraph 16 of Plaintiff's complaint.

17. GFS states that Plaintiff suffered work related injury for which he was given Family Medical Leave Act leave in May of 2009. GFS denies the remaining allegations in paragraph 17 of Plaintiff's complaint.

18. GFS denies the allegations contained in paragraph 18 of Plaintiff's complaint.

19. Answering paragraph 19 of Plaintiff's complaint, GFS denies that it violated either the ADA or the PHRA and states the Plaintiff is not entitled to relief.

20. Answering paragraph 20 of Plaintiff's Complaint, GFS denies that its conduct violated any law or that its conduct was willful or in reckless indifference to Plaintiff's rights and states that Plaintiff is not entitled to relief.

21. GFS restates and reincorporates set forth in paragraphs 1-20 as if fully restated herein.

22. GFS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint and therefore, denies same.

23. GFS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and therefore, denies same.

24. GFS denies the allegations contained in paragraph 24 of Plaintiff's complaint.

25. GFS denies any and all allegations in Plaintiff's complaint not specifically admitted to be true.

## SECOND DEFENSE

26. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

27. Plaintiff's Complaint is barred by the applicable statute of limitations.

## FOURTH DEFENSE

28. Plaintiff has failed to comply with GFS' internal grievance procedure as it applies to the decision to discharge his employment and therefore has failed to exhaust his administrative remedies.

## FIFTH DEFENSE

29. Plaintiff has failed to mitigate his damages, if any.

## SIXTH DEFENSE

30. Plaintiff's knee condition was temporary and he was not disabled, as that term is defined in the Americans With Disabilities Act, he was not entitled to any accommodation.

31. Without affecting the applicable burdens of production or proof, defendant has not engaged in any discriminatory or retaliatory acts, has at all times acted in good faith to create a work environment free of unlawful discrimination has acted without malice or reckless indifference, and all employment actions taken by defendant with regard to plaintiff were based upon factors other than disability.

32. Without affecting the applicable burdens of production or proof, defendant acted at all times without knowing or reckless disregard for the law or plaintiff's rights, did not engage in any willful violation of law, and did not act with malice or indifference to any protected rights.

## SEVENTH DEFENSE

33. To the extent Plaintiff was disabled, he was given any accommodation necessary. Plaintiff's employment was terminated when there was no position available for him after his certification that he could return to work without restrictions. During his employment Plaintiff was treated fairly and in accordance with all laws and regulations governing the terms and conditions of employment.

## EIGHTH DEFENSE

34. GFS reserves the right to present any and all affirmative defenses that may be revealed through discovery, and as may be asserted through amendments to this Answer and in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint, GFS prays that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that Plaintiff be found not entitled to any recovery under any statute or theory of law, and that GFS be found entitled to recover its costs herein, including reasonable attorney fees, and any other such relief at law and equity to which it may be entitled.

By: /s/ Edward I. Levicoff
Alan T. Silko, Esquire
Pa. I.D. #: 46837
Edward I. Levicoff, Esquire
Pa. I.D. #: 200108
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA 15222
412-434-5200

*Counsel for Defendant,*
*Gordon Food Service*

UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERB ROCCO, | C.A. No.: 2:11-CV-585 |
| Plaintiff, | The Honorable Joy Flowers Conti |
| v. | Electronic Filing |
| GORDON FOOD SERVICE and REED GROUP, | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2011, I electronically filed the foregoing **Answer Of Defendant Gordon Food Service** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Gregory Paul, Esquire
Morgan & Paul, PLLC
409 Broad Street, Suite 270
Sewickley, PA  15143

By:   /s/ Edward I. Levicoff
Alan T. Silko, Esquire
Pa. I.D. #:  46837
Edward I. Levicoff, Esquire
Pa. I.D. #:  200108
Levicoff, Silko & Deemer, P.C.
Centre City Tower, Suite 1900
650 Smithfield Street
Pittsburgh, PA  15222
412-434-5200

*Counsel for Defendant,
Gordon Food Service*