IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Herbert ROCCO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GORDON FOOD SERVICE,<br><br>　　　　Defendant. | Civil Action No. 11-585 |

MEMORANDUM OPINION

Conti, Chief District Judge

## I.　Introduction

Before the court is a motion for summary judgment (ECF No. 45) filed by defendant Gordon Food Service ("defendant"). Plaintiff Herbert Rocco ("plaintiff") filed a two-count amended complaint asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; Rehabilitation Act, 29 U.S.C. §§ 701–796*l*; and Pennsylvania Human Rights Act ("PHRA"), 43 Pa. Stat. §§ 951–963, for termination and failure to accommodate (count 1) and retaliation (count 2). Defendant moved to dismiss the retaliation claims. The court granted the motion with respect to the retaliation claims under the ADA and PHRA. The court permitted plaintiff to conduct additional discovery about whether defendant receives federal financial assistance and is therefore subject to the Rehabilitation Act. Plaintiff admits that defendant does not receive federal financial assistance and proceeds under the ADA and PHRA alone. (ECF No. 50, at 12.)

## II.　Factual Background

### A.　*Employment and Termination*

Defendant employed plaintiff as a delivery driver from 1999 to 2007 and, after plaintiff resigned and was rehired, from 2008 to 2010. (Combined Concise Statement

1

of Material Facts ¶¶ 1, 3, 6–7, ECF No. 55.) As a delivery driver, plaintiff drove a delivery truck and unloaded cases of frozen and refrigerated food at customers' places of business. (*Id.* ¶ 4.) The delivery driver position required demanding physical effort, including lifting up to one hundred pounds. (*Id.* ¶ 5.)

On May 11, 2009, plaintiff injured his knee while playing recreational tackle football. (*Id.* ¶ 8.) Plaintiff was referred to Dr. David Stone ("Dr. Stone"), who diagnosed plaintiff's injury as a sprained medial collateral ligament and torn medial patellofemoral ligament. (*Id.* ¶¶ 10–11.)

The injury rendered plaintiff unable to perform his job duties, and defendant placed plaintiff on medical leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C §§ 2601–2654. (*Id.* ¶ 24.) Defendant's policy protected the jobs of employees injured off duty for twelve weeks, as required by the FMLA, but defendant did not extent protection beyond twelve weeks. (*Id.* ¶ 26.) Plaintiff's protected FMLA leave expired in August 2009, at which time he was still physically unable to return to work. (*Id.* ¶ 31.) Defendant's practice, however, was to wait until an employee was cleared by a physician to return to work before deciding whether to terminate the employee, which permitted employees to continue remain on medical leave. (*Id.* ¶¶ 27–28.) While on medical leave, plaintiff received compensation from defendant's disability insurance plan. (*Id.* ¶ 25.)

On October 19, 2009, plaintiff was examined by Dr. Robin West ("Dr. West"), a partner of Dr. Stone. (*Id.* ¶ 14.) From her examination, Dr. West concluded that plaintiff was able to return to work. (*Id.* ¶ 32.) Defendant scheduled a functional capacity examination to determine whether plaintiff could perform the heavy lifting required by the delivery driver position. (*Id.* ¶ 33.) The functional capacity examination showed that plaintiff was capable of performing medium-duty work, but not the heavy-duty work required by the delivery driver position. (*Id.* ¶ 38–39.) There were no medium-duty jobs available at that time, so plaintiff remained on medical leave. (*Id.* ¶ 40.)

On January 21, 2010, plaintiff was cleared to resume heavy-duty work. (*Id.* ¶ 44.) Defendant terminated plaintiff that same day. (*Id.* ¶ 46.) The separation notice prepared by defendant's human resources department indicated the reason for termination was that no delivery driver positions were available. (*Id.* ¶¶ 46, 68.) Heather Edwards ("Edwards"), a senior human resource generalist for defendant, scratched out "eligible for rehire" on the separation notice and indicated that plaintiff was ineligible for rehire due to work history and performance. (*Id.* ¶¶ 70–71.) Edwards testified she could not remember why she made the change from eligible to ineligible. (*Id.* ¶ 73.) Although no delivery drivers were hired in January 2010, defendant hired drivers in December 2009 and February 2010. (*Id.* ¶¶ 52, 55.)

### B. *Nature and Symptoms of Plaintiff's Injury*

Plaintiff's knee injury caused "constant pain" in May and June 2009. (Rocco Dep. 73:23–24, Oct. 28, 2012, ECF No. 56-1.) Plaintiff began taking prescription pain medication in May 2009. (*Id.* at 149.) The pain medication made plaintiff feel "like a zombie" and affected his mood and ability to concentrate. (*Id.* at 149:5–151:25.) Plaintiff testified he did not remember exactly when he stopped taking the prescription medication, but he did not take any in December 2009 or thereafter. (*Id.* at 164:2–4.) Plaintiff wore a knee brace and had difficulty negotiating stairs. (*Id.* at 60:22–25, 73:11–25.) The functional capacity examination in October 2009 showed that plaintiff was able to lift eighty-seven pounds from the floor to his waist and forty-seven pounds from waist to eye level. (ECF No. 55, ¶ 36.) Plaintiff received no additional medical treatment for his knee after an examination on December 21, 2009. (*Id.* ¶ 23.) In January 2010, plaintiff still experienced "a little bit" of pain, but he was ready to return to work. (Rocco Dep. 154:1–16.) At the time of his deposition in 2012, plaintiff's knee was completely healed. (*Id.* at 74:15–19.)

## III. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment must be entered, "'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

An issue of fact is material when it "might affect the outcome of the suit under the governing law"—factual disputes that are "irrelevant or unnecessary" will not preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *see Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof.").

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences and resolve all doubts in favor of the nonmoving party. *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). A court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n.3 (3d Cir. 1998).

## IV. Discussion

### A. Unlawful Termination and Failure to Accommodate under the ADA

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to the … discharge of employees." 42 U.S.C. § 12112(a). Under the statute, discrimination includes "not making reasonable accommodation to the

known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12112(b)(5)(A). To establish a prima facie case of discrimination under the ADA, a plaintiff must show "(1) that he is disabled within the meaning of the ADA, (2) that he is otherwise qualified for the job, with or without reasonable accommodations, and (3) that he was subjected to an adverse employment decision as a result of discrimination." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010). Defendant asserts it is entitled to summary judgment because plaintiff is unable to demonstrate he was disabled within the meaning of the ADA.

To qualify as disabled, a plaintiff must prove that a physical or mental impairment (1) actually "substantially limits one or more major life activities," (2) a record of such an impairment, or (3) plaintiff is regarded as having such an impairment. 42 U.S.C. § 12102. Plaintiff asserted no claims under the "record of" or "regarded as" or prongs of the statute; this case turns on the actual disability prong.

In response to several Supreme Court decisions limiting the scope of "disabled" under the ADA, Congress enacted the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553, which became effective January 1, 2009. *Id.* § 8, 122 Stat. at 3559. Congress intended the amendments to "reinstat[e] a broad scope of protection" under the ADA. *Id.* § 2(b), 122 Stat. at 3554. Under this mandate, the Equal Employment Opportunity Commission ("EEOC") revised its regulations, construing the definition of disability "broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA." 29 C.F.R. § 1630.1(c)(4). "The question of whether an individual meets the definition of disability under this part should not demand extensive analysis." *Id.* Under the revised EEOC regulations,

> [a]n impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered

5

> substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

*Id.* § 1630.2(j)(1)(ii).

Defendant asserts that plaintiff cannot establish that he was disabled within the meaning of the statute because plaintiff was not substantially limited in a major life activity and any impairment was only temporary. Whether an individual is substantially limited in performing a major life activity is a question of fact. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 763 (3d Cir. 2004). Accordingly, on a motion for summary judgment, the court must determine whether plaintiff adduced sufficient evidence from which a jury reasonably could infer that plaintiff was substantially limited in his ability to perform a major life activity.

As a threshold matter, the court must determine the appropriate dates to consider in ascertaining whether plaintiff was disabled. Defendant asserts that the relevant period is the time of the adverse employment decision. (Def.'s Br. 9, ECF No. 46.) Plaintiff argues this approach "is flawed because it paints an incomplete picture of the timeline of events in this case." (Pl.'s Br. 5, ECF No. 50.)

The court holds, in agreement with decisions both before and after the 2008 amendments, that the relevant determination is whether plaintiff was disabled at the time of the adverse employment decision. *See Bush v. Donahoe*, Civil No. 11-1287, 2013 WL 4045785, at *11 (W.D. Pa. Aug. 8, 2013) ("[W]ith regard to the 'actual disability' prong, the test is whether, *at the time of the adverse employment action*, the limitation caused by the impairment was 'substantial.'"); *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012); *Fleck v. WILMAC Corp.*, Civil No. 10-5562, 2011 WL 1899198, at *5 (E.D. Pa. May 19, 2011) ("The Court's relevant determination … is whether the plaintiff had a disability *at the time* of the adverse employment decision."); *Rahsman v. Dewberry-Goodkind, Inc.*, Civil No. 05-1931,

2007 WL 188571, at *6 (M.D. Pa. Jan. 22, 2007)[1] ("That the plaintiff still had to wear a brace and could not walk any appreciable distances when he returned to work in October of 2002 and that he had to wear a brace until December of 2002, does not indicate that he was substantially limited in his ability to walk at the time he was fired in July of 2003.").

The date of the adverse employment decision was January 21, 2010, when plaintiff was terminated and defendant allegedly failed to accommodate him through modification of the delivery driver position, reassignment to another available position, or extension of his medical absence. Plaintiff did not plead or argue that defendant made any adverse employment decision prior to plaintiff's termination. (*See, e.g.*, Pl.'s Br. 7, ECF No. 50 ("Mr. Rocco had been suffering from his impairments for approximately eight months at the time Gordon Food Service's discrimination occurred on January 21, 2010.").) The court, after reviewing the record, cannot find any evidence from which a reasonable jury could conclude that any adverse employment decision occurred prior to January 2010. Plaintiff was on medical disability leave and received compensation from the time of the injury in May 2009 until January 21, 2010.

---

1 The decision in *Rahsman* relied on *Taylor v. Phoenixville School District*, 184 F.3d 296 (3d Cir. 1999). *Taylor* relied on *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999), which Congress specifically abrogated in the ADAAA. *Taylor*, 184 F.3d at 308 ("But the central question, in light of *Sutton* and *Murphy*, is whether Taylor's continuing impairment remained a 'disability' under the ADA by imposing substantial limitations even while treated. Specifically, Taylor must show that she was substantially limited during the year following her hospitalization, the time span when she says that she was denied reasonable accommodations."); *see* ADAAA § 2(b), 122 Stat. at 3554 ("The purposes of this Act are … to reject the requirement enunciated by the Supreme Court in Sutton … and its companion cases that whether an impairment substantially limits a major life activity is to be determined with reference to the ameliorative effects of mitigating measures . . . ."). Neither *Rahsman* nor the instant case involves the ameliorative effects of continuing treatment. Based on this distinction and the decisions rendered after the amendments took effect, the court concludes that the holding that disability is determined at the time of the adverse employment action remains good law after the passage of the ADAAA.

At the time plaintiff was terminated, he was medically cleared to resume work, including heavy lifting, without restriction. Plaintiff testified he had "a little bit" of pain in January 2010, but he was comfortable to resume his duties had defendant permitted him to return to work. From these facts, no reasonable jury could conclude that plaintiff meets the definition of disabled, even under the less-restrictive interpretation required by the ADAAA. Plaintiff argues that he was substantially limited in the major lift activities of standing, walking, lifting, bending, concentrating, and sleeping. (ECF No. 50, at 5.) These limitations had resolved by the time of the adverse employment decision, as plaintiff admits. (*Id.* at 6 ("Mr. Rocco was substantially limited in his ability to walk, stand, bend his injured knee, concentrate and sleep from May 12, 2009[,] through at least the end of November 2009.").) The record does not support a finding that plaintiff was substantially limited in a major life activity on January 21, 2010.

The Court of Appeals for the Third Circuit has not yet interpreted "disability" or "substantially limited" under the ADAAA. Several district courts in this circuit have performed this analysis. In *Poper v. SCA Americas, Inc.*, No. 10-3201, 2012 WL 3288111 (E.D. Pa. Aug. 23, 2012), the district court granted summary judgment because the proffered evidence—which consisted primarily of plaintiff's deposition testimony that he suffered from back pain and experienced limitations in brushing his teeth, bending, and lifting—was insufficient for a jury to conclude that plaintiff was substantially limited in a major life activity under the ADAAA. *Id.* at 8–9.

In *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502 (E.D. Pa. 2012), the district court analyzed the legislative history of the ADAAA, concluding that

> the ADAAA was adopted to specifically address certain impairments that were not receiving the protection that Congress intended—cancer, HIV-AIDS, epilepsy, diabetes, multiple sclerosis, amputated and partially amputated limbs, post-traumatic stress disorder, intellectual and developmental disabilities—not minor, transitory impairments, except if of

> such a severe nature that one could not avoid considering
> them disabilities.

*Id.* at 513 (citing 154 Cong. Rec. 19,432 (2008) (statement of Rep. George Miller)). Although Congress sought to relax the standard for the "substantially limits" factor, "the ADAAA still requires that the qualifying impairment create an 'important' limitation." *Id.*

Based on the summary judgment record in this case, the court concludes that an analysis of the legislative history of the ADAAA is unnecessary. The facts adduced by plaintiff with respect to his impairment in January 2010—some pain but no need for prescription medication and no limit on his ability to perform heavy lifting—do not establish "a physical or mental impairment that substantially limits one or more major life activities" under a plain reading of the statute, considering the findings and purposes of the ADAAA. 42 U.S.C. § 12102(1), (4).

Plaintiff argues that the existence of factual disputes precludes the entry of summary judgment. Specifically, plaintiff points to disputes about (1) whether defendant knew that plaintiff desired an accommodation and complied with its duty to engage in an interactive process to fashion a reasonable accommodation and (2) why defendant labeled plaintiff ineligible for rehire. Neither of these disputes is material because plaintiff did not establish he was disabled, an essential element of his prima facie case. The court will grant defendant's motion for summary judgment with respect to the ADA claim.

### B. PHRA Claim

Prior to the ADAAA, the PHRA and ADA were interpreted to have the same standard for determination of liability. *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012); *Imler v. Hollidaysburg Am. Legion Ambulance Serv.*, 731 A.2d 169, 173 (Pa. Super. Ct. 1999). As noted by several district courts, Pennsylvania has not amended the PHRA to remain coextensive with the ADAAA. *See Canfield v. Movie Tavern, Inc.*, Civil No. 13-3484, 2013 WL 6506320, at *5 (E.D. Pa. Dec. 12, 2013) ("[T]he PHRA does not follow the same standards and analysis as the ADAAA.");

*Szarawara v. Cnty. of Montgomery*, Civil No. 12-5714, 2013 WL 3230691, at *2 (E.D. Pa. June 27, 2013) ("The ADAAA relaxed the ADA's standard for disability[,] … but the PHRA has not been similarly amended, necessitating separate analysis of Plaintiff's ADA and PHRA claims."); *Deserne v. Madlyn & Leonard Abramson Center for Jewish Life, Inc.*, Civil No. 10-3694, 2012 WL 1758187, at *3 n.3 (E.D. Pa. May 17, 2012) ("To date, Pennsylvania has not made parallel amendments to the PHRA or the regulations implementing the PHRA."). Other district courts, however, have continued to treat the ADAAA and PHRA as coextensive. *E.g.*, *McFadden v. Biomedical Sys. Corp.*, Civil No. 13-4487, 2014 WL 80717, at *2 n.2 (E.D. Pa. Jan. 9, 2014).

The court need not decide whether the PHRA and ADAAA remain coextensive. Because plaintiff's claims fail under the broader post-amendment interpretation, they fail, *a fortiori*, under the narrower pre-amendment interpretation. The court will grant defendant's motion for summary judgment with respect to the PHRA claim.

## V. Conclusion

After reviewing the summary judgment record, the court concludes that no reasonable jury could find that plaintiff was disabled at the time of the adverse employment decision. Defendant is therefore entitled to summary judgment on the claims for termination and failure to accommodate under the ADA and PHRA. The Rehabilitation Act claims are dismissed with the consent of the plaintiff. All other claims have been dismissed, and this case will be closed. An appropriate order will be entered.

Dated: February 10, 2014                /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Chief United States District Judge